M. D. LYNCH v. M. G. STAPLETON.

[Abstract Kentucky Law Reporter, Vol. 4—985.]

**Erroneous Instructions Should Be Disregarded as a Ground for New Trial.**

> Where there is nothing in the motion for a new trial calling the attention of the court to errors in an instruction, the Court of Appeals will not consider the error. It will not consider any error not specifically assigned and presented by motion for a new trial.

**No Reversal for Harmless Error.**

> An error in the admission of evidence will not be ground for reversal, when there is nothing to indicate that it was injurious to appellant.

APPEAL FROM CAMPBELL CIRCUIT COURT.

May 5, 1883.

OPINION BY JUDGE HINES:

This is an action by appellee to recover of appellant for services as clerk in a grocery. There was a trial by jury, a verdict and judgment, a motion for a new trial, which was overruled, and an appeal to this court.

There are seven grounds for a new trial, but they are so general that they present for our consideration only these questions: First, as to the sufficiency of the pleadings; secondly, whether the evidence will support the verdict; and, thirdly, whether certain evidence was properly admitted. Upon none of these is there any apparent reliance by counsel for appellant, but it is insisted that the instructions to the jury are erroneous in that they fail to present to the jury the fact that a certain amount was admitted in the pleadings as a credit, when in fact the pleadings admit a greater sum. Much of the elaborate argument of counsel is directed to establish the proposition that we should consider the instructions in reference to this matter, although there is nothing in the grounds for a new trial calling the attention of the court to any defect in the instructions. We have repeatedly held, in construing the present code, that the grounds for a new trial should be as specific, in pointing out the errors of the court, as an assignment of errors. We are forbidden

to consider any error not specifically assigned and presented by motion for new trial.

There is no material defect in the pleadings, and as to the evidence, it is only necessary to say that it is not flagrantly against the verdict and judgment, and can not, therefore, be disturbed when the action is properly in ordinary, as in this instance. As to the admission of the evidence complained of, we are of the opinion that, admitting the court to have been in error in allowing it to go to the jury, there is nothing to indicate that it was in any way injurious to appellant.

Judgment *affirmed.*

*John S. Ducker, Fisk & Fisk, for appellant.*

*R. W. Nelson, for appellee.*